IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELAWARE AMERICAN LIFE
INSURANCE COMPANY,

Plaintiff,

v.

CHRIS MASTOVICH-KING and
KIM BEAL,

Defendants,

KIM BEAL,

Cross-Claimant,

v.

CHRIS MASTOVICH-KING,

Cross-Claim Defendant.,[1]  No. 06-0972-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Kim Beal's October 24, 2007 motion for partial summary judgment as to Mastovich-King's expectancy interest in the life insurance proceeds of the decedent Ronald Mastovich (Doc. 44). Specifically, Beal moves for

---

[1]On November 28, 2006, Delaware American Life Insurance Company filed a Complaint for Interpleader asking the Court to determine the beneficiary of the proceeds of a life insurance policy issued to decedent Ronald Mastovich (Doc. 1). The Court notes that both Beal and Mastovich-King have filed cross-claims against each other (Docs. 18 & 37). Because the parties each have titled their claims against each other as cross-claims, the Court will use the above caption in the future to avoid confusion.

summary judgment on the issue of whether the marital settlement extinguishes any interest that Mastovich-King has in the insurance proceeds. As of this date, Mastovich-King has not responded to the motion for partial summary judgment.[2] Thus, pursuant to **Local Rule 7.1(c)**, the Court finds the failure to respond as an admission of the merits of the motion for partial summary judgment. Accordingly, the Court **GRANTS** Beal's motion for partial summary judgment (Doc. 44). The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Beal and against Mastovich-King on the issue of whether the marital settlement extinguishes any interest that Mastovich-King has in the insurance proceeds at the close of the case.

**IT IS SO ORDERED.**

Signed this 6th day of December, 2007.

/s/       DavidRHerndon
**Chief Judge**
**United States District Court**

---

[2] "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **Local Rule 7.1(c)**.